UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LANGE FRESH SHALES, INC. | CIVIL ACTION |
| VERSUS | NO. 26-275 |
| LOUISIANA FRESH FRUITS AND VEGETABLES, LLC, *et al.* | SECTION M (1) |

### ORDER & REASONS

Before the Court is an application for a temporary restraining order or, alternatively, for a preliminary injunction filed by plaintiff Lange Fresh Sales, Inc. ("Lange").[1] Having considered Lange's memorandum, the complaint, the record, and the applicable law, the Court grants the application for a temporary restraining order and defers ruling on the application for a preliminary injunction until the defendants have had an opportunity to respond.

### I.   BACKGROUND

This action arises out of alleged violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a-499t.[2] In relevant part, Lange seeks enforcement of the trust provisions in 7 U.S.C. § 499(e),[3] which mandate "that buyers of perishable agricultural commodities must hold receivables or proceeds from the sale of those commodities in trust for the benefit of all unpaid sellers 'until full payment of the sums owing in connection with such transactions has been received' by the sellers." *Matter of Delta Produce, L.P.*, 845 F.3d 609, 619 (5th Cir. 2016) (quoting 7 U.S.C. § 499e(c)(2)).

---

[1] R. Doc. 3.
[2] R. Doc. 1 at 1.
[3] *Id.* at 3-5 ("Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the undisputed principal amount of $438,619.95, plus finance charges, attorneys' fees and costs.") (quote at 5).

Lange's complaint alleges that several entities and individuals, all of whom are affiliated, had knowledge of the PACA trust and trust assets involved in this lawsuit, were responsible for daily management and control of the produce-purchasing entities Louisiana Fresh Fruits and Vegetables, LLC ("LFFV") and Louisiana Fresh Produce, LLC ("LFP"), and were statutory trustees under PACA.[4] Lange's complaint names three defendants to which it refers as "corporate defendants": LFFV, LFP, and QPC Property, LLC ("QPC").[5] It also names five "individual defendants": Stephen Kelley Cusimano, James Falter, Nicolas Cusimano, David Cusimano, and Lucas Cuccia.[6] Lange says all of the individual defendants are officers, directors, members, managers, shareholders, and/or owners of each of the corporate defendants.[7] Lange further alleges a unity of interest and ownership between LFFV, LFP, and QPC (the "corporate defendants") for four reasons: (1) the corporate defendants are each owned, managed, and controlled by the individual defendants; (2) the corporate defendants all trade and conduct business under the name "Louisiana Fresh Produce"; (3) the corporate defendants each has the same business address; and (4) QPC is the title owner of the corporate defendants' business location.[8]

Lange's complaint alleges that it sold and shipped perishable agricultural commodities to "the [LFFV] and the Corporate Defendants, as alter-egos," in a series of transactions between October 28, 2025, and January 5, 2026.[9] At or around the date of each transaction, Lange says it sent LFFV invoice for the transaction.[10] According to Lange, in the months preceding the complaint, LFFV failed or refused to pay amounts due under its invoices despite repeated demands

---

[4] *Id.* at 2-3.
[5] *Id.* at 2.
[6] *Id.* at 2-3.
[7] *Id.*
[8] *Id.* at 4-5.
[9] *Id.* at 6.
[10] *Id.*

by Lange.[11] Lange submits that, as of the date of its complaint, LFFV has an outstanding balance of $438,619.95.[12]

Lange's lawsuit asserts eight causes of action: (1) a breach-of-contract claim against the corporate defendants;[13] (2) a claim against all defendants for the enforcement of the statutory trust provisions of PACA;[14] (3) a claim against the corporate defendants for violation of PACA's requirement to account and pay promptly;[15] (4) a claim against the individual defendants for breach of fiduciary duty;[16] (5) a claim against QPC for receipt of PACA trust assets;[17] (6) a claim against all defendants for declaratory relief;[18] (7) a claim against QPC for constructive trust against real property;[19] and (8) a claim against the corporate defendants for injunctive relief.[20]

On February 6, 2026, the same day it filed its complaint, Lange filed an application for a temporary restraining order or, in the alternative, for a preliminary injunction, seeking to prevent the defendants from further dissipating the trust assets and to require the defendants to release or otherwise set aside the amounts owed to Lange, pending a final judgment on Lange's claims.[21]

## II.  LAW & ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure Rule 65 provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

---

[11] *Id.* at 4-6.
[12] *Id.* at 6.
[13] *Id.*
[14] *Id.* at 6-7.
[15] *Id.* at 8.
[16] *Id.* at 8-10.
[17] *Id.* at 10-11.
[18] *Id.* at 11-12.
[19] *Id.* at 12-13.
[20] *Id.* at 13-15.
[21] R. Doc. 3-7 at 7.

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A preliminary injunction cannot be granted unless notice of the motion has been provided to the opposing party. Fed. R. Civ. P. 65(a)(1).

The movant for a temporary restraining order, like an applicant for a preliminary injunction, must show: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the restraining order is not granted (*i.e.,* that there is no adequate remedy at law); (3) the movant's threatened injury outweighs the threatened harm to the party whom the movant seeks to enjoin; and (4) that granting the request for a temporary restraining order will not disserve the public interest. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.,* 418 F. 3d 535, 545 (5th Cir. 2005). Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Martono-Chai v. Williams*, 2025 WL 974251, at *1 (E.D. La. Apr. 1, 2025) (citing *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008)).

## B. Temporary Restraining Order

### 1. Likelihood of Success on the Merits

Lange seeks a temporary restraining order that would, in sum, "(a) prevent Louisiana Fresh and QPC from further dissipating the trust assets, and (b) require Louisiana Fresh and QPC to release or otherwise set aside the amounts owed to Plaintiff pending final adjudication of the

complaint on file herein."[22]  Therefore, Lange must show a likelihood of success on its PACA trust claims and its breach-of-contract claim.

### a. PACA Claims

Produce, due to its short lifespan, is "a risky business." *Delta Produce,* 845 F.3d at 612. "Congress thus enacted PACA in 1930 to regulate and 'promote fair dealing in the sale of fruits and vegetables,' in part by making it a violation of federal law for buyers of perishable commodities to 'fail to make full payment promptly' to sellers." *Id.* (quoting *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 413 (5th Cir. 2003) (alterations and internal citation omitted)).  PACA, as amended by Congress in 1984,

> requir[es] buyers – often brokers that purchase the produce from farmers and then sell it to grocery stores or restaurants – to hold either the produce or all proceeds or accounts receivable from a subsequent sale of the produce in trust for the benefit of unpaid suppliers until "full payment of the sums owing in connection with such transactions has been received by" the supplier.

*Id.* (quoting 7 U.S.C. § 499e(c)(2)).  When a dealer accepts the goods, the trust arises automatically, so long as the seller complies with the notice requirements set forth in 7 U.S.C. § 499(e)(c) and 7 C.F.R. § 46.46(f).  *See CF Trade, LLC v. Duse Exports, LLC*, 2025 WL 1549460, at *2 (S.D. Tex. May 30, 2025) (citing 7 U.S.C. § 499e(c)(2)).

A plaintiff seeking recovery under PACA's trust provisions must show "'that it is a trust beneficiary, and that a PACA trust was formed.'" *Sunny Produce & Brokerage, LLC v. Sasita Produce, LLC*, 2025 WL 2379766, at *2 (S.D. Tex. Aug. 15, 2025) (quoting *CF Trade*, 2025 WL 1549460, at *2).  To show a trust has been formed, the plaintiff must show by a preponderance of the evidence that:

1) the goods sold were perishable agriculture commodities;
2) the purchaser was a commission merchant, a dealer, or broker;
3) the transaction occurred in interstate or foreign commerce;

---

[22] R. Doc. 3-7 at 7.

    4) the seller has not received full payment;
    5) the seller preserved its trust rights by giving the purchaser written notice; and
    6) the payment terms did not exceed PACA's statutory limits.

*Id.* (citing *CF Trade*, 2025 WL 1549460, at *2); *see also Mirasoles Produce USA, LLC v. TALYGAP Produce, Inc.*, 2022 WL 1165151, at *3 n.30 (S.D. Tex. Apr. 20, 2022) (collecting cases in support of elements showing PACA trust formation).

Lange has provided sufficient evidence to show its ability to satisfy each element. First, both the declaration of its Vice President, Paul Bertrand, and the invoices Lange provided in support of its application show that the produce at issue was perishable agricultural commodities.[23] Second, Lange included evidence that LFP was licensed under PACA, which indicates that the purchaser was a commission merchant, dealer, or broker.[24] *See Sunny Produce*, 2025 WL 2379766, at *2. Third, there is sufficient evidence in Bertrand's declaration that the transaction occurred in interstate or foreign commerce – specifically, that the goods were shipped from California or Mexico to Louisiana.[25] Fourth, Bertrand's declaration, along with emails between Bertrand and Danielle Romaguera, an LFP employee, provide sufficient evidence that Lange has not received full payment from LFP.[26] Fifth, the invoices also show that Lange preserved its trust rights by giving LFP, the purchaser, written notice because each invoice included the statutory-trust language.[27] Sixth and finally, the payment terms did not exceed PACA's statutory limits, as the invoice specified that full payment was due within 10 days, which complies with PACA's maximum payment period.[28] *See* 7 C.F.R. §§ 46.46(e)(2), 46.2(aa)(5); *Sunny Produce*, 2025 WL 2379766, at *3 (finding that, where payment was due within 10 days of the purchaser's acceptance

---

[23] R. Docs. 4 at 2; 3-3 at 2 (indicating sale of broccoli, brussels sprouts, celery, cabbage, fennel, kale, leeks, lettuces, fennel, parsley, and other perishable produce).
[24] R. Doc. 3-2 at 2.
[25] R. Doc. 4 at 3.
[26] R. Doc. 3-6 at 2.
[27] *See, e.g.*, R. Doc. 3-3 at 2 (including the statutory-trust language at the bottom of the invoice).
[28] *Id.*

6

of the produce, the payment terms did not exceed PACA's statutory limits); *Mirasoles*, 2022 WL 1165151, at *3 (same). As a result, Lange has shown a likelihood of success on the merits of its PACA claims.

### b. Breach-of-Contract Claims

Lange also asserts a breach-of-contract claim against the corporate defendants.[29] Lange is a Missouri resident and alleges that the defendants are all residents of Louisiana.[30] There is evidence that the invoices were sent from a Texas address associated with Lange's company.[31] As a result, it is unclear whether Texas, Louisiana, or Missouri contract law might apply. Even so, there is sufficient evidence that Lange has shown a likelihood of success on the merits of a breach-of-contract claim regardless of the applicable law.

The elements of a breach-of-contract claim in Louisiana are "1) defendant owed [plaintiff] an obligation; 2) defendant failed to perform the obligation; and 3) defendant's failure to perform resulted in damage to the plaintiff." *Stipp v. MetLife Auto & Home Ins. Agency, Inc.*, 225 So. 3d 1182, 1189 (La. App. 2017). And in Texas and Missouri, a breach-of-contract claim requires (1) a valid contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages to the plaintiff as a result of the breach. *Atrium Med. Ctr., LP v. Houston Red C LLC*, 546 S.W.3d 305, 311 (Tex. Ct. App. 2017); *Bell v. Shelter Gen. Ins. Co.*, 701 S.W.3d 614, 618 (Mo. 2024) (en banc).

Both Bertrand's declaration and the invoices show there was a valid contract between Lange and LFP, in which LFP undertook an obligation to pay Lange for produce.[32] There is also evidence that LFP failed to perform the obligation, or, in other words, breached the contract, even

---

[29] R. Doc. 1 at 6.
[30] *Id.* at 1-3.
[31] R. Doc. 3-3 at 2.
[32] R. Docs. 4 at 3; 3-3.

7

though Lange performed.[33] Finally, because the breach of contract was a failure to pay, there is evidence that Lange suffered damages as a result of LFP's breach in the form of lost income.[34] As a result, regardless of which state's substantive law applies, Lange has shown a likelihood of success on the merits of its breach-of-contract claim.

### 2. Substantial Threat of Irreparable Injury

An injury is irreparable if it cannot be adequately compensated by money damages. *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). However, several district courts within the Fifth Circuit have held that threatened dissipation of a PACA trust constitutes irreparable harm. *See, e.g.*, *Rio Vista Ventures, LLC v. Valvilla Produce, LLC*, 2020 WL 8300522, at *3 (S.D. Tex. Nov. 4, 2020); *Sunny Produce*, 2025 WL 2379766, at *3-4; *CF Trade,* 2025 WL 1549460, at *4; *see also Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d Cir. 2000) ("We conclude that an adequate remedy at law does not exist, and that injunctive relief to prevent dissipation of PACA trust assets may issue, when it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer."); *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) ("[O]nce the trust is dissipated it is almost impossible for a beneficiary to obtain recovery.").

In this case, communications between Bertrand and Romaguera indicate that LFP was routinely behind on paying its invoices and imply that LFP could not afford to pay both its employees and its invoice to Lange.[35] Further, Bertrand's declaration contains evidence that LFP is experiencing financial difficulties.[36] Therefore, Lange has shown likely or threatened

---

[33] R. Docs. 4 at 3; 3-6 at 4 (referencing past due balances of LFP).
[34] R. Doc. 4 at 5.
[35] R. Doc. 3-6 at 1-5.
[36] R. Doc. 4 at 3-4.

8

dissipation of the alleged PACA trust and, thus, a substantial threat of irreparable injury.[37]  *See Rio Vista Ventures,* 2020 WL 8300522, at *3.

### 3. The Balance of Harms

"When a PACA trust is threatened with dissipation, the balance of harms favors the unpaid trust beneficiaries."  *Sunny Produce*, 2025 WL 2379766, at *4; *CF Trade,* 2025 WL 1549460, at *4; *Rio Vista Ventures*, 2020 WL 8300522, at *3.  "The injunctive relief only requires Defendants to do that which they are required to do under the [PACA] statute, *i.e.*, maintain the trust required by statute and pay for the undisputed portion of the produce."  *Grupo Empaque Roquin S.A. de C.V. v. Empire Produce USA LLC*, 2012 WL 12873755, at *3 (S.D. Tex. Mar. 19, 2012)).  As a result, restraining LFP from dissipating assets it is statutorily required to hold in trust does not threaten any harm.  However, the harm that Lange might incur if LFP dissipates assets that must be used to repay LFP's outstanding debt to Lange is substantial.  As a result, the threatened harm to Lange outweighs the threatened harm to the defendants.

### 4. The Public Interest

PACA's trust provision "is intended to remedy [the] burden on commerce in perishable agricultural commodities and to protect the public interest."  7 U.S.C. § 499e(c)(1).  Therefore, enforcing the trust provision is necessarily in the public interest.  *See Sunny Produce*, 2025 WL 2379766, at *5 (finding that an order restraining the dissipation of PACA trust assets was in the public interest because "[p]rotecting sellers' rights and ensuring prompt payment for perishable commodities reflects Congress's policy judgment").

---

[37] The Court pauses here to note that Lange's attorney has certified the efforts made to give notice to the defendants in this case, which included by telephone, mail, and e-mail.  *See* R. Doc. 6.  But even assuming that the attorney's efforts to provide notice were fruitless, the Court finds that there is good cause for the order to issue without notice to the defendants for the reasons given in its analysis on immediate and irreparable injury.

9

5. **Bond**

Pursuant to Rule 65(c), courts generally must obtain security from the movant "in an amount that the court considers proper" prior to issuing a temporary restraining order. Fed. R. Civ. P. 65(c). A district court has discretion under Rule 65(c) "'to require no security at all.'" *A.T.N. Indus., Inc. v. Gross*, 632 F. App'x 185, 192 (5th Cir. 2015) (quoting *Kaepa, Inc. v. Achilles Corp.,* 76 F.3d 624, 628 (5th Cir. 1996)). The Court finds, in this case, that the PACA trust assets are sufficient security and will not require any additional security from Lange prior to issuing the temporary restraining order.

C. **Preliminary Injunction**

By rule, a Court cannot issue a preliminary injunction unless the adverse party has received notice of the application. Although Lange's attorney has certified her attempts to notify all defendants of the present application, there is no evidence that the defendants have been served with Lange's complaint or with the application. As a result, the Court will defer ruling on the request for a preliminary injunction until the defendants receive notice and have an opportunity to respond.

III. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Lange's application for a temporary restraining order (R. Doc. 3) is GRANTED.

IT IS FURTHER ORDERED that defendants Louisiana Fresh Fruits and Vegetables, LLC, Louisiana Fresh Produce, LLC, and QPC Property, LLC ("Defendants") are enjoined from taking any action whatsoever which causes or has the effect of causing the dissipation, or which otherwise dissipates, Lange Fresh Sales, Inc.'s beneficial interests in the PACA trust. Toward that end,

Defendants shall deposit into the Registry of this Court the sum of $438,619.95, which represents Lange Fresh Sales, Inc.'s beneficial interests in the PACA trust.  Until such time, or until further Order from this Court, Defendants are directed not to pay, withdraw, transfer, assign, or sell any and all existing PACA trust assets or otherwise dispose of corporate assets to any creditors, persons, or entities.

IT IS FURTHER ORDERED that, if defendants Louisiana Fresh Fruits and Vegetables, LLC, Louisiana Fresh Produce, LLC, and QPC Property, LLC fail to deposit into the Registry of this Court the sum of $438,619.95 in full within three (3) business days of the entry of this Order, they must account to the Court and to counsel for Lange Fresh Sales, Inc. for all accounts receivable, accounts payable, equipment, inventory, and all other assets subject to the PACA trust and the regulations promulgated thereunder.  In furtherance of such an accounting, the Court hereby directs any banking institution holding funds for Defendants to turn over to Lange's counsel any statements, signature cards, and other documents relating to or regarding any of Defendants' accounts at such banking institutions within five (5) days of receipt of this Order.  This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise.  In this regard, Defendants shall serve a copy of this Order on all financial institutions with which they do or may do any business, and any other entity that is or may be holding any assets for or on behalf of Defendants.

IT IS FURTHER ORDERED that Defendants shall not take any other action whatsoever which violates 7 U.S.C. § 499(c)(1)-(4) or 7 U.S.C. § 499b(4).

IT IS FURTHER ORDERED that, because Defendants already possess $438,619.95 of PACA trust assets which is Lange's property, the bond in this matter is hereby set at $0.00.

IT IS FURTHER ORDERED that this temporary restraining order shall remain in effect for fourteen days unless dissolved or extended for good cause by this Court.

IT IS FURTHER ORDERED that the Court DEFERS ruling on Lange's application for a preliminary injunction until such time as all named defendants have an opportunity to respond. A briefing schedule on the application for a preliminary injunction, and a hearing, if necessary, will be set after all defendants receive notice of the application.

IT IS FURTHER ORDERED that, upon receipt of this Order, counsel for Lange Fresh Sales, Inc., shall immediately provide a copy of this Order to all named defendants in this action.

New Orleans, Louisiana, this 10th day of February, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE